UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
JUDITH LYNN HABERFELD and
HENRY HABERFELD,                                        :

                           Plaintiffs,        :        06 Civ. 13532 (DF)

            -against-                         :        **ORDER**

                                              :

GRAMERCY TAVERN CORP.,
                                              :
                           Defendant.
------------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

        In this personal injury case, plaintiff Judith Lynn Haberfeld ("Mrs. Haberfeld") seeks to

recover from Gramercy Tavern Corp. ("Defendant") on a negligence claim, arising out of her

slip and fall at a New York City restaurant.  Her husband, Henry Haberfeld ("Mr. Haberfeld"),

brings a loss of consortium claim.

        After the parties conducted discovery in this matter, Defendant moved for summary

judgment on May 2, 2008, arguing that it was entitled to judgment as a matter of law on both of

the Haberfelds' claims.  (*See* Dkts. 16, 19.)  Defendant took the position that Mr. Haberfeld's

loss of consortium claim was subject to dismissal on account of his failure to appear for a

properly-noticed deposition.  In a memorandum and order on Defendant's motion for summary

judgment, dated March 23, 2009, this Court observed that the summary judgment record

contained evidence suggesting that Mr. Haberfeld may not have been competent to testify

(Dkt. 29); the Court thus ordered Plaintiffs' counsel either (a) to produce Mr. Haberfeld for a

deposition during the month of April, 2009, or (b) to show cause why a hearing should not be

conducted to determine whether a guardian *ad litem* should be appointed for Mr. Haberfeld,

pursuant to Fed. R. Civ. P. 17(c)(2).

By letter dated May 5, 2009, Plaintiffs' counsel advised the Court that a hearing might be

required to determine whether Mr. Haberfeld was competent and whether a guardian *ad litem*

should be appointed.  Appended to the May 5 letter was a letter written by Dr. Mark W. Albers,

a neurologist who had apparently treated Mr. Haberfeld.  In the letter, Dr. Albers opined that

Mr. Haberfeld was not "competent to make decisions regarding health-related or legal issues."

Plaintiffs' counsel submitted another letter to the Court on June 22, 2009, and the Court held a

telephonic conference with counsel for both parties on July 1, 2009.

During a subsequent telephone conference, held on July 17, 2009, Plaintiffs' counsel

represented that Mr. Haberfeld had agreed to withdraw his loss of consortium claim.  The Court,

however, noted that it might have an obligation to appoint a guardian *ad litem* for Mr. Haberfeld

*before* his claim could be withdrawn.  The Court thus directed Plaintiffs' counsel to submit

authority for the proposition that, despite the competency issue, Mr. Haberfeld's claim could be

voluntarily dismissed solely on the representations of counsel.

In response, Plaintiffs' counsel submitted a letter on September 1, 2009, stating that

Mr. Haberfeld's daughter, Jacqueline Haberfeld, had been granted a power of attorney for her

father, and that Plaintiffs' counsel had "obtained an opinion from Jeffrey Schechter, Esq., an

attorney at . . . a prominent New Jersey law firm, that the [power of attorney was] valid and

vest[ed Jacqueline Haberfeld] with the right to authorize" dismissal of Mr. Haberfeld's claim.

Plaintiffs' counsel enclosed a voluntary dismissal of Mr. Haberfeld's claim, together with an

illegible document that was purportedly a copy of the instrument creating the power of attorney.

On September 11, 2009, upon the Court's request, Plaintiffs' counsel submitted another (more

2

legible) copy of the power of attorney held by Jacqueline Haberfeld.

Despite Plaintiffs' counsel's representations concerning Mr. Haberfeld's intentions, the Court cannot approve the voluntary dismissal of Mr. Haberfeld's claim on the current submissions, as there has not been an adequate showing that Mr. Haberfeld is actually incompetent or that the power of attorney is valid.  Further, despite the fact that the Court has requested that Plaintiffs provide legal authority for their position, they have submitted no case authority to the Court, but only conclusory statements that the proffered power of attorney authorizes Jacqueline Haberfeld to act as Mr. Haberfeld's representative in this matter, pursuant to Rule 17(c).

Accordingly, it is hereby ORDERED that:

1.      No later than three weeks from the date of this Order, Plaintiffs' counsel shall submit:

        a.      documentary evidence, or other evidence in admissible form, concerning:

            i.      whether Mr. Haberfeld is currently competent to sue on his own behalf; and

            ii.      whether Mr. Haberfeld was competent on November 28, 2008, the date that the power of attorney held by Jacqueline Haberfeld was apparently executed; and

        b.      a memorandum of law addressing the following questions:

            i.      whether the issue of Mr. Haberfeld's competence may be resolved solely on the basis of the evidence submitted by counsel, or a hearing is required to satisfy Mr. Haberfeld's due process rights;

      ii.     whether the power of attorney held by Jacqueline Haberfeld is valid;[1]

      iii.    if the power of attorney is valid, whether Jacqueline Haberfeld is empowered to act as Mr. Haberfeld's representative in this matter under Fed. R. Civ. P. 17(c)(1)(D); and

      iv.    if the power of attorney is not valid or does not authorize Jacqueline Haberfeld to serve as Mr. Haberfeld's representative in this case, and if Mr. Haberfeld is found incompetent, whether the Court should appoint Jacqueline Haberfeld or an independent third party as Mr. Haberfeld's guardian *ad litem*.[2]

2.    If Defendant wishes to submit a response, it should do so within one week of receiving Plaintiffs' submission.

Dated:  New York, New York
October 28, 2009

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

---

[1] The Court notes that the validity of the power of attorney here is suspect, in that it was apparently executed by Mr. Haberfeld several months after the issue of his competence was first raised. *See Leake v. McAlister*, No. 07 Civ. 2947 (CM), 2009 U.S. Dist. LEXIS 63561, at *15-25 (S.D.N.Y. July 21, 2009).

[2] *See Leake,* 2009 U.S. Dist. LEXIS 63561, at *25-28.

4

Copies to:

Teresa A. Gruber, Esq.
McElfish & Associates, LLC
1790 Broadway, Suite 702
New York, NY 10019

James K. Greenberg, Esq.
363 Seventh Avenue, Suite 400
New York, New York 10001